IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA

v.

**[2] MUDAFORT XTREME SPORTS &
MOTORSPORTS INC.,**

Defendant.

CRIMINAL NO. 22-553 (PAD)

## PLEA AGREEMENT

The United States of America, Defendant, Mudafort Xtreme Sports and Motorsports Inc., and Defendant's counsel, Luis Rivera, Esq., pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

### 1. Charges to which Defendant will Plead Guilty

Defendant agrees to plead guilty to Count Three of the Indictment:

Beginning in or about 2016 and continuing up until in or about 2021, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant, Mudafort Xtreme Sports and Motorsports Inc., a licensed dealer of firearms, within the meaning of Chapter 44, Title 18, United States Code, knowingly failed to make appropriate entries and properly maintain ATF 4473 Forms and Firearms Acquisition and Disposition Book records, which are records defendants were required to keep pursuant to Section 923 of Title 18, United States Code, in violation of 18 U.S.C. §§ 922(m) and 924(a)(3)(B).

### 2. Maximum Penalties

<u>Count Three:</u> The maximum statutory penalty for the offense charged in Count Three of the Indictment is a term of imprisonment of not more than one year pursuant to 18 U.S.C. § 924(a)(3)(B); a fine not to exceed one hundred thousand dollars pursuant to 18 U.S.C. § 3571(b)(5); and a supervised release term of not more than one year pursuant to 18 U.S.C. § 3583(b)(3).

### 3. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

### 4. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of four hundred dollars ($400.00) per count of conviction pursuant to 18 U.S.C. § 3013(a)(2)(B). The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013(a)(2)(A).

### 5. Fines and Restitution

The Court may, pursuant to §§ 8C2.2 through 8C2.9 of the Guidelines order Defendant to pay a fine. The United States reserves the right to argue for up to $8,500.00 in fines and Defendant may argue for no fines. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim, and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

### 6. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

### 7. Recommended Sentencing Guidelines Calculations



After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

| Count Three: Failure to Maintain Records in violation of 18 U.S.C. § 922(m) |||||||
|---|---|---|---|---|---|---|
| Defendant is convicted of 18 U.S.C. § 922(m) pursuant to U.S.S.G. § 2K2.1 |||||| 6 |
| Acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 |||||| -2 |
| **OFFENSE LEVEL** |||||| 4 |
| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI ||
| 0-6 | 0-6 | 1-7 | 4-10 | 6-12 | 9-15 ||

| Sentencing Guidelines for Organizations |
|---|
| Base fine amount of $8,500 based on TOL 4 pursuant to U.S.S.G. § 8C2.4 |
| Imposition of probation from 1-5 years pursuant to U.S.S.G. § 8D1.2(a)(2) |

### 8. Sentence Recommendation

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree to jointly recommend one year of probation. Further, the parties agree that the United States reserves its right to argue for $8,500 in fines and Defendant may argue for no

fines.

### 9. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant.

### 10. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the sentence imposed by the Court is one year of probation or less, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

### 11. No Further Adjustments or Departures



The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

### 12. Satisfaction with Counsel

Defendant is satisfied with counsel, Luis Rivera, Esq., and asserts that counsel has rendered effective legal assistance.

### 13. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.



c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

### 14. Stipulation of Facts

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

### 15. Limitations of Plea Agreement

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

### 16. Entirety of Plea Agreement

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

### 17. Amendments to Plea Agreement

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

### 18. Dismissal of Remaining Counts

At sentencing should there be any pending counts and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against Defendant in this case.

### 19. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

### 20. Breach and Waiver

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any

criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

### 21. Payment of Monetary Penalties



Defendant understands and agrees that, pursuant to 18 U.S.C. §§ 3613 and 3572, all monetary penalties imposed by the Court will be due immediately and subject to immediate enforcement by the United States. Within 14 days of a request, Defendant agrees to provide all of Defendant's financial information (including, for example, balance sheets and account statements) to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination and/or complete a financial statement under penalty of perjury. If the Court imposes a schedule of payments, Defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. Until all monetary penalties are paid in full, Defendant agrees to be referred to the Treasury Offset Program, so that any federal payment or transfer of returned property to Defendant will be

offset and applied to pay Defendant's unpaid monetary penalties. Defendant agrees to make good-faith efforts toward payment of all monetary penalties imposed by the Court.

### 22. Forfeiture Provision

Defendant agrees to waive and forgo any interests or claims over any proceeds of the illegal activity pursuant to 18 U.S.C. § 922(m).



Defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise Defendant of this, pursuant to Rule 11(b)(1)(J), at the time Defendant's guilty plea is accepted.

Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, giving rise to forfeiture and/or substitute assets for property otherwise subject to forfeiture.

Defendant, by agreeing to the forfeiture stated above, acknowledges that such forfeiture is not grossly disproportionate to the gravity of the offense conduct to which

Defendant is pleading guilty. Defendant agrees that the forfeiture provisions of this Plea Agreement are intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors and assignees until the agreed forfeiture, including any agreed money judgment, is collected in full.

### 23. Corporate Authorization



Defendant states that it is authorized to enter into this agreement. Before the date that this Plea Agreement is signed, Defendant's representative shall provide the United States with a written statement in the form of a corporate resolution certifying that Defendant is authorized to enter into and comply with all of the terms of this agreement. The corporate resolution shall certify that all corporate formalities for such authorizations have been observed. The resolution shall further certify that Aileene M. Mudafort-Fernández, the President the defendant corporation, is authorized to take these actions. Defendant further agrees that Aileene M. Mudafort-Fernández shall appear on behalf of Defendant to enter the guilty plea and for imposition of the sentence in the United States District Court for the District of Puerto Rico.

### 24. Organizational Changes

Defendant shall not, through a change of name, business reorganization, sale or purchase of assets, divestiture of assets, or any similar action, seek to avoid the obligations and conditions set forth in this Plea Agreement. This Plea Agreement, together with all of the

obligations and terms hereof, shall inure to the benefit of and bind partners, assignees, successors-in-interest, or transferees of the defendant.

### 25. Discovery Waiver

Defendant waives the right to any further discovery from the United States either now or at any future time, including at sentencing. Defendant understands that by waiving discovery in this case, this includes any right it may have to any further discovery about the United States' witnesses or case, under Rule 16 (discovery and inspection) and Rule 26.2 (witness statements) of the Federal Rules of Criminal Procedure, and pursuant to *Brady v. Maryland,* 373 U.S. 83 (1963), *Giglio v. United States,* 405 U.S. 150 (I 972), or their progeny.

W. STEPHEN MULDROW
United States Attorney


SETH ERBE  Digitally signed by SETH ERBE
Date: 2025.01.08 16:02:37 -04'00'

Seth A. Erbe
Assistant U.S. Attorney
Chief, Financial Fraud and Public Corruption
Dated: _____

Luis Rivera, Esq.
Counsel for Defendant
Dated: JAN-10-24


Linet Suárez
Assistant U.S. Attorney
Dated: 01/08/25

Mudafort Xtreme Sports and Motorsports Inc.
Defendant
Dated: JAN-10-24

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: JAN 10-24

X _____
Mudafort Xtreme Sports and Motorsports Inc.
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: JAN 10·24

_____
Luis Rivera
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant Mudafort Xtreme Sports and Motorsports Inc. admits that Defendant is guilty as charged in Count Three of the Indictment and admits the following:

Beginning in 2016 and continuing up until 2021, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant, Mudafort Xtreme Sports and Motorsports Inc., a federally licensed dealer of firearms, within the meaning of Chapter 44, Title 18, United States Code, knowingly failed to make an appropriate entries and properly maintain ATF 4473 zForms and Firearms Acquisition and Disposition Book records, which are records that Defendant was required to keep pursuant to Section 923 of Title 18, United States Code. All in violation of 18 U.S.C. §§ 922(m) and 924(a)(3)(B).

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses and documentary evidence which would have proven beyond a reasonable doubt Defendant's guilt.

[INTENTIONALLY LEFT BLANK]

At trial, the United States would have proven beyond a reasonable doubt that defendant Mudafort Xtreme Sports and Motorsports Inc. is guilty as charged in Count Three of the Indictment. Discovery was timely made available to Defendant for review.

_____
Linet Suárez
Assistant U.S. Attorney
Dated: 01/08/25

_____
Luis Rivera, Esq.
Counsel for Defendant
Dated: JAN 10-24

_____
Mudafort Xtreme Sports and Motorsports Inc.
Defendant
Dated: JAN -10-24